**Oscar ANSLEY et ux., Appellants,**

**v.**

**Hazel GRACE, a feme sole, Appellee.**

**No. 5181.**

Court of Civil Appeals of Texas.

El Paso.

Jan. 30, 1957.

Rehearing Denied Feb. 27, 1957.

McKool & Bader, Dallas, for appellants.

Albert B. Morris, Dallas, for appellee.

HAMILTON, Chief Justice.

This is an appeal from a case tried in the County Court at Law No. 1, Dallas, Dallas County, Texas, wherein appellee was suing Mary Ansley and husband, Oscar Ansley, for damages resulting from an automobile collision at the intersection of Lemon Avenue and King Road, in the City of Dallas. Appellee alleged that appellant Mary Ansley was negligent in various respects, among which were failure to keep a proper lookout; operating a vehicle without adequate brakes; failure to yield right of way to appellee, who was in the intersection first; and driving on the wrong side of the street and failing to apply brakes. Appellants answered by general denial, and alleged contributory negligence on the part of appellee, in that she failed to keep a proper lookout for appellants' automobile;

that she operated her car at an excessive and dangerous rate of speed under the circumstances, to-wit, in excess of 30 miles per hour; that she failed to turn her automobile to the left or to the right to avoid the collision in question. It was also alleged that each alleged act of negligence was the proximate cause of the collision. Appellants further alleged unavoidable accident.

At the close of the testimony, and over the objections of appellants, the court refused to submit any issues as to negligence of appellants or proximate cause, and further refused to submit requested issues bearing on the alleged negligence of appellee and proximate cause, and refused to submit any issue on unavoidable accident. The only issues submitted to the jury were the issues on damage, on which the jury returned a verdict of $500 in damages. Upon such verdict, the court entered its judgment against appellants for the sum of $500.

The appellants base their appeal on the court's failure to submit issues of negligence upon the part of appellant Mary Ansley, and issues of proximate cause, and upon the court's failure to submit issues to the jury requested by the appellants bearing on contributory negligence of the appellee, and also on the failure of the court to submit an issue of unavoidable accident. The court, in submitting the case to the jury on the issues of damages only, in effect held, that, as a matter of law, appellant Mary Ansley was negligent, and such negligence was a proximate cause of appellee's damage, and that there was no evidence upon which to submit any issue bearing on the negligence of Hazel Grace, and no evidence requiring the submission of the issue on unavoidable accident.

In determining whether the court was right in failing to submit any issues involving the grounds of recovery by appellee or of defense on the part of appellants, we must view the evidence in the light most favorable to appellants, and indulge every legitimate inference substantially supporting appellants' position in the case. Without taking up, separately, each issue which the court failed to submit, we simply say that appellants were entitled to have the issues pertaining to her negligence submitted to the jury, and were entitled to have their defensive issues pertaining to the negligence of appellee submitted to the jury, as well as the issue of unavoidable accident, because we think the evidence requires the submission of such issues. Appellant Mary Ansley testified that she was driving south on Lemon Street, in the City of Dallas, about 25 miles an hour; that the cars in front of her suddenly slowed down at the intersection of Kings Road with Lemon Avenue, and that she applied her brakes and found that they did not operate, and, in order to avoid hitting the car in front of her, she turned to the left to go into Kings Road, which was up-hill from Lemon Avenue. At the time she made the left turn, she said appellee's automobile was two or three cars' length away, coming in a northerly direction on Lemon Avenue at a speed of about 35 miles per hour; that appellant was in the intersection of Kings Road and Lemon Avenue prior to the time that appellee reached the intersection, and that she was almost through the intersection when the collision happened. At the place of the collision, the speed limit was 30 miles per hour; that appellee did not appear to turn either to the left or to the right to try to avoid the collision. Appellee testified that she did not see appellant's car prior to the collision; did not apply her brakes, and did not attempt to turn to the left or to the right. Appellant further testified that she had no previous knowledge that her brakes were defective; that she had stopped at a light just previous to the collision and that her brakes worked perfectly. Her husband testified that he had had the brakes tested one week before, and they were in good working order, and that they had had no trouble with the brakes prior to the collision. Regardless of the testimony to the contrary, we

think the above stated facts are sufficient to require the submission of the issues of negligence and of proximate cause relied on by appellee for recovery, and those relied on by appellants in defense, as well as the issue of unavoidable accident. 41–B Tex. Jur., 466; 519–22; 563–4; 628.

We therefore reverse the judgment of the trial court and remand the cause for a new trial.